UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

OPELTON KELLY,

           Plaintiff,           Case No. 2:12-cv-488

v.                                           Honorable R. Allan Edgar

T. DEJUNG, et al.,

           Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has denied Plaintiff leave to proceed *in forma pauperis* and Plaintiff has paid the entire filing fee for a civil action. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Catherine S. Bauman. The Court will serve the complaint against Defendants T. Dejung and Unknown Miron.

**Discussion**

I.        Factual allegations

Plaintiff Opelton Kelly, a state prisoner who is currently incarcerated at the Richard A. Handlon Correctional Facility, filed this civil rights action against Defendants Corrections Officer T. Dejung, Warden Catherine Bauman, and Resident Unit Officer Unknown Miron pursuant to 42 U.S.C. § 1983. Plaintiff claims that in the Fall of 2010, he was sent to the Alger Maximum Correctional Facility (LMF) for a trial in the case of *Kelly v. Beatrice Hursh*, Case No. 2:09-cv-19. On October 30, 2010, Defendant Dejung, who is a friend of Sergeant Hursh, told Plaintiff "what goes around comes around." Defendant Dejung then went over to Officer Semaskey and began speaking to him.

On November 2, 2010, at approximately 7:30 a.m., while Plaintiff was out in the yard, he observed Officer Semaskey talking to Defendant Miron. Between 8:00 and 8:30 a.m., as Plaintiff was leaving the yard, he noticed that Defendant Miron was following him. Plaintiff was the last prisoner to enter the unit and overheard Officer Semaskey ask Defendant Miron, "That's Kelly?" Defendant Miron then replied, "Yeah, that's him." When Plaintiff entered the hallway inside the unit, Defendant Miron hit Plaintiff on the back of his head with his fist. Plaintiff fell to the floor, hitting his head, and lost consciousness. Plaintiff was seen by a doctor and nurse in the housing unit, and was then sent to the hospital. At the hospital in Munising, Plaintiff told Nurse Amy that he had been assaulted by a corrections officer.

When Plaintiff arrived back in his unit at the prison, he made out a statement of the incident and photos were taken of the cuts and bruises on the left side of Plaintiff's face. On November 3, 2010, Plaintiff requested to see the Michigan State Police. Plaintiff was told that he

would not be allowed to see anyone outside the prison. Plaintiff then sent a complaint to Defendant Bauman and to the Michigan State Police. Plaintiff also filed a grievance. Plaintiff's step II grievance appeal was found to be untimely and was rejected by Defendant Bauman.

On November 16, 2010, Plaintiff filed an affidavit with the Michigan State Police in Grand Rapids, who forwarded it to the Munising Post. On December 8, 2010, Michigan State Police First Lieutenant John E. Halpin responded to the complaint, stating that it had been referred to the MDOC's Internal Affairs Section. On March 8, 2011, Stephen H. Marschke, Manager of the Internal Affairs Division, informed Plaintiff that his complaint had been found to lack sufficient evidence to support his allegations.

Plaintiff claims that Defendants violated his constitutional rights and seeks compensatory and punitive damages, as well as equitable relief.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although

the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendant Bauman's rejection of his grievance as untimely violated his constitutional rights. Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the

grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

In addition, even if Defendant Bauman improperly rejected Plaintiff's grievance as untimely, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file an institutional grievances. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The exhaustion requirement only mandates exhaustion of available administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. In light of the foregoing, the Court finds that Plaintiff fails to state a cognizable claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Bauman will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Dejung and Miron.

An Order consistent with this Opinion will be entered.

Dated:   7/18/2013              */s/ R. Allan Edgar*
                                R. Allan Edgar
                                United States District Judge